UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER NOTO; STACIA NOTO,

    Plaintiffs,

v.                                      Case No. 8:05-cv-718-T-23TBM

BUSCH ENTERTAINMENT
CORPORATION,

    Defendant.
_____/

## ORDER

THIS MATTER comes before the court on the parties' **Joint Stipulation for Confidentiality and Protective Order** (Doc. 6). The parties' Agreed Protective Order Regarding Production of Confidential, Proprietary and Trade Secret Information to Plaintiffs sets forth the process by which the parties agree to handle all documents designated as "confidential."

The Eleventh Circuit has held that the district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' stipulation serves a useful purpose. Therefore, with the exception of the provisions for placing documents under seal, the court approves the stipulated protective order.

The provisions in Paragraph 5 of the stipulated protective order, which provides for the automatic sealing of documents covered by this order and filed with any court, are troubling to this court.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). This right extends to the inspecting and the copying of judicial records. See Nixon, 435 U.S. at 597.

The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. See Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny.

This court does not allow the automatic filing of documents under seal. In accordance with the policy of the Middle District of Florida, when a party seeks to file a document under seal, the court shall determine the matter upon motion by the party. See, e.g., United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989). The party shall file the motion electronically and submit a hard copy of the document under seal with the Clerk, which shall be identified as an attachment to the motion. If the accompanying motion is granted, the document shall remain under seal; if the motion is denied, the Clerk shall scan and docket such electronically as an attachment to the motion to seal.

2

Accordingly, it is **ORDERED** that:

1) The parties' Joint Stipulation for Confidentiality and Protective Order (Doc. 6) is **APPROVED**, and the Agreed Protective Order Regarding Production of Confidential, Proprietary and Trade Secret Information to Plaintiffs is **APPROVED with the exception** of those provisions requiring any material covered by this order and filed with the court to be automatically filed under seal.

2) For each document, object, or other material that the parties wish to file under seal, they shall file a Motion to Seal. These motions shall be accompanied by memoranda which set forth, <u>with specificity</u>, the reasons why these particular documents should be filed under seal.

3) The Clerk is directed to attach the parties' Agreed Protective Order Regarding Production of Confidential, Proprietary and Trade Secret Information to Plaintiffs to this Order.

**Done and Ordered** at Tampa, Florida, this 18th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER NOTO and STACIA NOTO,
his wife,

        Plaintiffs          CASE NO.: 8:05-cv-718-T23-TBM

vs.

BUSCH ENTERTAINMENT CORPORATION,

        Defendant.
_____/

## AGREED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL, PROPRIETARY AND TRADE SECRET INFORMATION TO PLAINTIFFS

The parties having agreed to the entry of a protective order pursuant to Local Rule 3.01, as evidenced by the signatures of their respective counsel which are appended hereto and being willing to maintain the confidentiality of trade secrets or other proprietary commercial information obtained during discovery, and the Court having approved such order:

IT IS HEREBY ORDERED that, if in the course of proceedings in this action, Defendant, Busch Entertainment Corporation ("BEC") is required to disclose information which it contends is a trade secret or is of proprietary, confidential or commercially sensitive nature, the following procedure shall be employed:

1. For purposes of this Order, confidential information means any document or tangible thing which is designated by BEC as "confidential." Confidential information includes, but is not limited to, BEC's policies and procedures, but this Order will also

govern other documents for which BEC asserts a trade secret or contends is proprietary commercial information.

2. Any confidential information of BEC obtained by any other party to this action pursuant to discovery in this action may be used only for purposes of this action and not for any business or other purpose whatsoever, and not for any other litigation. Plaintiffs' counsel shall not disclose any such "confidential" information to any person except in accordance with the terms of the protective order. Plaintiffs' counsel, his staff and his experts shall not, under any circumstances, sell, offer for sale, advertise, or otherwise publicize either the contents of designated confidential documents or information, or communicate the fact that they have obtained confidential documents and/or information from BEC except in accordance with the terms of the protective order.

3. BEC may designate any document or tangible thing confidential by prominently displaying the designation: "Confidential."

4. Claims of confidentiality as to documents made available to a party for inspection and copying shall be made before such documents are made available for inspection and copying, or after designation for copying by Plaintiffs' counsel but prior to production of the requested copy.

5. All documents filed with the Court pursuant to pretrial discovery by any party which have been designated as confidential or any pleading or memorandum including such information or the substance thereof which BEC desires not to be made of public record, shall be filed only with leave of Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the

words "Confidential – Designated by BEC" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed nor revealed except by order of the Court or pursuant to written stipulation of the parties.

This shall not prevent a second copy of any pleading or paper, specifically intended for review by the Court, from being forwarded to the Court under seal for consideration by the Court if leave to file the same has been granted.

6.  All information produced pursuant to pretrial discovery in this action which is designated by BEC as containing or comprising confidential information shall be produced to Plaintiffs' counsel and shall not be disclosed to anyone except that any such confidential information and copies thereof as are reasonably necessary for trial preparation may be:

(a) furnished and disclosed by counsel of a receiving party to experts to assist in the preparation of this litigation for trial. Prior to disclosing confidential information to any such expert, a receiving party shall have such expert acknowledge in writing that he or she is fully familiar with the terms of this Order, agrees to comply with and be bound by this Order until modified by a further Order of the Court, and consents to the jurisdiction of the Court for purposes of enforcing this Order in a form such as that attached as Exhibit "A" hereto.

(b) marked as exhibits in any deposition taken, provided that if the deposition is later filed with the court under the provisions of paragraph 5 are met.

(c) furnished to the Court in accordance with paragraph 5.

(d) viewed by regular employees of Plaintiffs' counsel, assigned to and necessary to assist Plaintiffs' counsel in the preparation of trial and pretrial discovery in this case.

7. Plaintiffs' counsel shall keep records of all copies of each confidential document or information made and/or distributed, in whole or in part, or any excerpts thereof to persons authorized in paragraph 6. Any copies so distributed shall be returned to the Plaintiffs' counsel immediately upon the completion of the purpose for which the person was retained in this case.

8. Nothing in this Order shall bar or otherwise restrict Plaintiffs' counsel from rendering advice to his client with respect to this action, and in the course thereof, from generally referring to or relying upon his examination of documents or information produced in this action.

9. BEC will use reasonable care to avoid designating any documents or information as confidential which contains information generally available to the public which is in fact not confidential.

10. Failure by Plaintiffs' to expressly challenge a claim of confidentiality shall not be deemed an admission that the same is in fact confidential. If a party objects to any claim of confidentiality, counsel shall first make a good faith effort to resolve any challenge of confidentiality. If counsel is unable to resolve any challenge of confidentiality, the parties shall brief the issue to the Court for resolution, with the party claiming confidentiality bearing the burden of proof by preponderance of evidence.

11. This Order shall not limit a party's right to:
(a) seek modification of this Order from the Court or the opposing party, or
(b) to object to or otherwise oppose production or admission of any document or information on grounds other than its confidentiality.

12. Upon termination of this litigation whether by final judgment after appeal or by settlement, Plaintiffs' shall return to BEC's counsel of record all confidential documents and all copies he has made, including copies sent to experts.

13. It is expressly understood and agreed that any person who violates the terms and conditions of this Order consents to the jurisdiction of this Court and may be subject to sanctions in the event of unauthorized use.

The parties having stipulated and agreed hereto, it is SO ORDERED, this _____ day of _____, 2005.

_____
U.S. District Court Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER NOTO and STACIA NOTO,
his wife,

        Plaintiffs         CASE NO.: 8:05-cv-718-T23-TBM

vs.

BUSCH ENTERTAINMENT CORPORATION,

        Defendant.
_____/

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

    The undersigned independent expert retained by Plaintiffs' for use in this action has reviewed the Agreed Protective Order Regarding Production of Confidential, Proprietary and Trade Secret Information to Plaintiffs' dated _____ entered by the Court, understands the obligations and restrictions set forth therein, agrees to abide thereby and agrees to the jurisdiction of the Court to enforce this agreement.

_____
Signature

_____
Print Name

_____
Date

EXHIBIT "A"

# 167587